IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Bass Management, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 07-56 C |
| | ) | (Chief Judge Damich) |
| | ) | |
| United States, | ) | |
| | ) | |
| Defendant. | ) | |

ANSWER

For its answer to the complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

3. Denies the allegations contained in the first sentence of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the remaining allegations in paragraph 3.

4. Admits.

5. The allegation contained in paragraph 5 is a conclusion of law to which no response is required; to the extent it is deemed an allegation of fact, it is denied.

6. The allegation contained in the first sentence of paragraph 6 is a conclusion of law and a characterization of plaintiff's case, to which no response is required; to the extent it is deemed an allegation of fact, it is denied. Admits that the document identified in the second sentence of paragraph 6 as exhibit A is attached to the complaint.

7. Admits the allegations contained in paragraph 7 to the extent they are supported by the letter cited as exhibit B, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent they are supported by the letter cited as exhibit C, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits.

10. Admits the allegations contained in paragraph 10 to the extent they are supported by the letter cited as exhibit D, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits.

12. Admits the allegations contained in paragraph 12 to the extent they are supported by the letter cited as exhibit E, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent they are supported by the letter cited as exhibit F, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent they are supported by the letter cited as exhibit G, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to he truth of the matters asserted.

16. Denies.

17. Admits.

18. Admits the allegations contained in paragraph 18 to the extent they are supported by the lease, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Denies.

20. Admits the allegations contained in paragraph 20 to the extent they are supported by the lease, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Denies the allegations contained in the first two sentences of paragraph 21. Defendant avers that the document identified in the third sentence of paragraph 21 as exhibit H appears to be a copy of a December 20, 1995 letter signed by Burke S. Torrey and not a "copy of the corps form" as alleged in paragraph 21.

22. Denies.

23. Admits.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

26. Admits.

27. Admits.

28. Admits the allegations contained in paragraph 28 to the extent they are supported by the lease agreements cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent they are supported by the lease agreement cited as exhibit A to the complaint, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

31. The allegations contained in the first sentence of paragraph 31 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

32. Denies the allegations contained in paragraph 32 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

33. Admits the allegations contained in paragraph 33 to the extent they are supported by exhibit I cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent they supported by exhibit H cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 34.

35. Denies.

36. Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

37. Admits the allegations contained in the first and second sentences of paragraph 37. Denies the allegations contained in the third sentence of paragraph 37.

38. Denies.

39. Denies.

40. Admits the allegations contained in paragraph 40 to the extent they are supported by the “sublease” cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the sublease cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

43. Denies the allegations contained in paragraph 43 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

44. Denies.

45. Admits.

46. Denies the allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

47. Denies.

48. Denies.

49. Denies.

50. Denies

51. Admits the allegations contained in the first sentence of paragraph 51 to the extent they are supported by the lease agreement cited as exhibit A, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 51. Denies the allegations contained in the second and third sentences of paragraph 51.

52. Denies the allegations contained in the first sentence of paragraph 52. Admits the allegations contained in the second sentence of paragraph 52.

53. The allegations contained in paragraph 53 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

55. Denies the allegations contained in the first sentence of paragraph 55 that the "change" was "arbitrary"; denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegation contained in the second sentence of paragraph 55 is a conclusion of law and

plaintiff's characterizations of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

56. The allegations contained in paragraph 56 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

57. Denies.

58. Admits the allegations contained in the first and second sentences of paragraph 58. Denies the allegations contained in the third sentence of paragraph 58.

59. Denies.

60. Denies the allegations contained in paragraph 60 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

61. Denies the allegations contained in the first sentence of paragraph 61 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegation contained in the second sentence as to "to finance this improvement" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the remaining allegations contained in the second and third sentences of paragraph 61.

62. Admits the allegations contained in paragraph 62 to the extent they are supported by exhibit J cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 62.

63. Denies the allegations contained in paragraph 63 for lack of knowledge or information sufficient to form a belief at to the truth of the matters asserted.

64. The allegations contained in paragraph 64 are characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

65. Denies.

66. Denies.

67. Denies.

68. Denies. Defendant avers that the Corps of Engineers referred the issue of alleged underpayments by Bass to the U.S. Army Criminal Investigation Command for their review as required by Army Regulations.

69. Denies.

70. The allegations contained in paragraph 70 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

71. The allegations contained in paragraph 71 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

72. The allegations contained in paragraph 72 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

73. Denies.

74. Denies the allegations contained in paragraph 74 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

75. Denies.

76. Denies.

77. Denies.

78. Admits the allegations contained in the first and second sentences of paragraph 78. The allegations contained in the third sentence of paragraph 78 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

79. Denies.

80. Denies.

81. Denies.

82. Denies.

83. Denies.

84. Admits.

85. Admits the allegations contained in the first sentence of paragraph 85. Denies the allegations contained in the second sentence of paragraph 85 as to what was "contemplated by the agent" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the remaining allegations contained in the second sentence of paragraph 85 to the extent they are supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 85.

86. Denies. Defendant avers that it is unaware of any "November 7, 2006 letter" from the Contracting Officer to Bass.

87. Denies.

88. The allegations contained in paragraph 88 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

89. Denies the allegations contained in the first sentence of paragraph 89. Denies the allegations contained in the second sentence of paragraph 89 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

90. Denies.

91. Admits the allegations contained in the first sentence of paragraph 91. Denies the allegations contained in the second sentence of paragraph 91 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

92. Denies.

93. Denies.

94. Denies.

95. Denies.

96. Denies.

97. Denies.

98. Denies.

99. Denies the allegations contained in the first sentence of paragraph 99. The allegations contained in the second sentence of paragraph 99 are conclusions of law, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

100. Denies.

101. Denies the allegations contained in the first and second sentences of paragraph 101. Admits the allegations contained in the third and fourth sentences of paragraph 101.

102. Denies.

103. Denies.

104. The defendant reasserts and incorporates each response to each of the foregoing paragraphs of the complaint as if repeated fully.

105. Denies.

106. Denies.

107. Denies.

108. The allegations contained in paragraph 108 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

109. The allegations contained in paragraph 109 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

110. Denies.

111. The allegations contained in paragraph 111 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

112. The defendant reasserts and incorporates each response to each of the foregoing paragraphs of the complaint as if repeated fully.

113. The allegations contained in paragraph 113 are conclusions of law, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

114. Denies the allegations contained in the first sentence of paragraph 114. The allegations contained in the second sentence of paragraph 114 are conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

115. Denies.

116. The allegations contained in paragraph 116 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

117. Denies.

118. Denies.

119. Denies.

120. The allegations contained in paragraph 120 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

121. The allegations contained in paragraph 121 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

122. The allegations contained in paragraph 122 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

123. Denies.

124. The allegations contained in paragraph 124 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

125. The allegations contained in paragraph 125 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

126. The allegations contained in paragraph 126 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

127. The allegations contained in paragraph 127 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

128. The allegations contained in paragraph 128 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

129. The defendant reasserts and incorporates each response to each of the foregoing paragraphs of the complaint as if repeated fully.

130. Denies the allegations contained in the first sentence of paragraph 130. Admits the allegations contained in the second sentence of paragraph 130 to the extent supported by the estopple certificate cited as exhibit I, which is the best evidence of its contents, otherwise denies the allegations contained in the second sentence of paragraph 130.

131. Admits the allegations contained in paragraph 131 that Torrey "was the contracting officer" in October 1993. The remaining allegations contained in paragraph

131 are conclusions of law, to which no response is required; to the extent that they are deemed allegations of fact, they are denied.

132. Admits the allegations contained in the first sentence of paragraph 132. Denies the allegations contained in the second sentence of paragraph 132.

133. The allegations contained in paragraph 133 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

134. Denies the allegations contained in paragraph 134 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

135. The allegations contained in paragraph 135 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

136. The allegations contained in paragraph 136 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

137. The defendant reasserts and incorporates each response to each of the foregoing paragraphs of the complaint as if repeated fully.

138. The allegations contained in paragraph 138 are conclusions of law, to which no response is required; to the extent they are deemed allegations of fact, they are denied. The defendant avers that lease no. DACW38-1-96-46 is not subject to the provisions of the FAR.

139. The allegations contained in paragraph 139 are conclusions of law, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

The defendant avers that lease no. DACW38-1-96-46 is not subject to the provisions of the FAR.

140. The allegations contained in paragraph 138 are conclusions of law, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

141. Admits.

142. Denies.

143. The allegations contained in paragraph 143 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

144. ` The allegations contained in paragraph 144 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

145. The allegations contained in paragraph 145 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they are deemed allegations of fact, they are denied.

146. The defendant reasserts and incorporates each response to each of the foregoing paragraphs of the complaint as if repeated fully.

147. Denies.

148. Denies.

149. The allegations contained in paragraph 149 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

150. The defendant reasserts and incorporates each response to each of the foregoing paragraphs of the complaint as if repeated fully.

151. The allegations contained in paragraph 151 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

152. Denies.

153. The allegations contained in paragraph 153 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

154. The defendant reasserts and incorporates each response to each of the foregoing paragraphs of the complaint as if repeated fully.

155. Denies.

156. The allegations contained in paragraph 156 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

157. The allegations contained in paragraph 157 are conclusions of law and characterizations of the plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## AFFIRMATIVE DEFENSE

158. Plaintiff's claim for the return of $122,009.00, plus interest, is barred by the doctrine of waiver.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

April 25, 2007 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 25th day of April, 2007, a copy of the foregoing Answer" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David M. Hibey