IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BASS MANAGEMENT, INC., Plaintiff, v. THE UNITED STATES, Defendant. | Case No. 07-056C (Chief Judge Damich) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties file this Joint Preliminary Status Report:

**(A) Does the court have jurisdiction over the action?**

Plaintiff: Yes this Court has jurisdiction over this matter. This is a civil action under the Tucker Act, 28 U.S.C. § 1491 and the Contract Dispute Act, 41 U.S.C. § 601-613.

Defendant: Defendant does not believe that this Court has jurisdiction to entertain Counts III, IV, V, VI, and VII of the complaint. At this time, it is not aware of any reason to challenge the Court's jurisdiction regarding the other remaining counts in the complaint.

**(B) Should the case be consolidated with any other case and, if so, why?**

No.

**(C) Should trial of liability and damages be bifurcated and, if so, why?**

Yes. The parties disagree about how to interpret the term "Gross receipts" found in paragraph 2 of the Lease Agreement. The parties believe that resolving the meaning of "Gross receipts" through limited discovery and cross motions for summary judgment will prompt an efficient outcome. The parties agree that Counts III, IV, V, VI, and VII are subsidiary to the

breach of contract claims arising out of the meaning of "Gross receipts." Thus, the parties believe that deferring consideration of those claims at this time offers the potential for a quicker resolution of the entire matter. Similarly, determination of damages, if any, should involve a straight forward calculation, which the parties believe may be resolved by agreement or written submission.

**(D) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

No.

**(E) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

No.

**(F) Will additional parties be joined?**

No.

**(G) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

Following the completion of limited discovery concerning the interpretation of the "Gross receipts" provision of the Lease Agreement, the parties intend to file cross motions for summary judgment regarding the correct interpretation of "gross receipts." Depending on the outcome of the central contract issue, either or both parties may file a RCFC 12(b), 12(c) or 56 motion in connection with the deferred claims. The parties believe, however, that resolving the "Gross receipt" issues may allow the parties to resolve the remaining issues by agreement in lieu of further discovery or motions practice.

**(H) <u>What are the relevant and factual and legal issues?</u>**

The parties have agreed to defer consideration of several counts in the complaint. Accordingly, relevant factual and legal issues identified here do not include issues involving the deferred claims.

1. Whether the term "Gross receipts" as defined in paragraph 2 of the Lease Agreement should be construed as including receipts of sub-lessees and licensees received by the plaintiff or, in the alternative, should be construed as including the gross income of sub-lessees.

2. The plaintiff believes that a relevant issue involves whether the "Gross Receipts" definition in the lease agreement is ambiguous. The defendant asserts that the plaintiff has not alleged in its complaint or to the contracting officer that the term "Gross receipts" is ambiguous.

3. Whether by conduct, operation, and practice in connection with the Lease Agreement, the parties intended for the plaintiff to include receipts of sub-lessees received by the plaintiff in its report of concessionaire's receipts to the agency, the Army Corps of Engineers ("Corps"), and calculation of rent.

4. Plaintiff believes the following issues, which will form the basis for its forthcoming motion to amend the complaint, will be presented by proposed alternative relief, if allowed:

4(a) As alternative relief, whether the "Gross receipts" provision should be reformed to require Bass to include receipts of sub-lessees received by it in its report of concessionaire's receipts to the Corps and in calculation of rent.

4(b) Whether there was a mutual mistake by the parties as to the meaning of "Gross receipts".

4(c) If no mutual mistake is established, whether Bass' unilateral mistake as to the meaning of "Gross receipts" was reasonable, without Bass' fault and caused by the Corps so as to require reformation.

4(d) Whether the Corps' interpretation since 2003 of the "Gross receipts" provision rendered the Lease Agreement commercially impractical.

4(e) If the Lease Agreement is reformed, whether Bass is entitled to restitution for excess rent paid since 2003 and interest.

Defendant believes that the issues presented in 4(a)-(e) above are not relevant because the Court does not have jurisdiction to reform the contract.

**(I) <u>What is the likelihood of settlement? Is alternative dispute resolution contemplated?</u>**

Settlement does not appear likely at this time; however, the parties will continue to explore settlement options as discovery proceeds and is completed. Similarly, as discovery proceeds the parties may be amenable to alternative dispute resolution. The parties believe that resolution of issues related to the "Gross receipts" provision may facilitate settlement by agreement and/or mediation of the remaining issues.

**(J) <u>Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?</u>**

At this time, the parties do not anticipate proceeding to trial. Subject to the Court's direction, the parties presently believe that the resolution of the contract provision can be decided upon cross motions for summary judgment. If this matter cannot be resolved upon dispositive motions concerning the contract provision, trial will be necessary concerning the "Gross receipts" provision. In the event this matter were to proceed to trial on the "Gross receipts" issue, the parties agree that deferring consideration of the remaining counts would be

appropriate.

**(K) Are there special issues regarding electronic case management needs?**

No.

**(L) Is there other information of which the court should be aware at this time?**

Yes. Plaintiff will file a motion to amend the Complaint in order to add, as an alternative relief, a Count seeking reformation and restitution. Defendant will oppose this motion. Defendant does not believe that this court has jurisdiction to reform the contract.

The parties believe limited discovery on issues related to the "Gross receipts" provision will expedite resolution of the entire dispute. Consequently, the parties jointly request this Court to permit limited discovery and accept briefing on those issues while deferring discovery and consideration of the remaining issues.

**(M) What is the proposed discovery plan?**

| | |
|---|---|
| Exchange of Initial Disclosures | **July 18, 2007** |
| Plaintiff's Proposed Close of Fact Discovery | **September 15, 2007** |
| Defendant' s Proposed Close of Fact Discovery | **March 17, 2008** |
| Plaintiff's Proposed Deadline for Cross Motions for Summary Judgment | **November 30, 2007** |
| Defendant's Proposed Deadline for Cross Motions for Summary Judgment | **April 17, 2008** |
| Plaintiff's Proposed Deadline for Responses to Cross Motions | **January 15, 2008** |
| Defendant's Proposed Deadline for Responses to Cross Motions | **May 19, 2008** |

Respectfully submitted,

/s/ Frank W. Trapp

Frank W. Trapp, MB #8261
Phelps Dunbar LLP
111 East Capitol Street • Suite 600
Jackson, Mississippi 39201-2122
P. O. Box 23066
Jackson, Mississippi 39225-3066
Telephone: (601) 352-2300
Facsimile: (601_360-9777
ATTORNEYS FOR PLAINTIFF

Respectfully submitted,

PETER D. KEISLER

Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

June 18, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on this 18th day of June, 2007, a copy of the foregoing Joint Preliminary Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

***/s/ Frank W. Trapp***
Frank W. Trapp