**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

BASS MANAGEMENT, INC. PLAINTIFF

VS. CASE NO.: 07-56C

UNITED STATES OF AMERICA DEFENDANT

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Bass Management, Inc. ("Bass") respectfully requests under Rule 15(a) of the Rules of the United States Court of Federal Claims ("RCFC") to amend its complaint to add the related Count VIII: Reformation and Restitution. In support, Bass offers:

**Introduction**

1. Bass filed its complaint in this matter on January 24, 2007. [Docket Entry 1]. Four days later on January 29, 2007, Bass amended the complaint due to typographical errors in the original pleading. [Docket Entry 5]. No substantive changes were made.

2. The Complaint, brought under the Contract Dispute Act, 41 U.S.C. § 601, *et. seq*. and the Tucker Act, 28 U.S.C. § 1491, seeks relief for a contract between Bass and the U.S. Army Corps of Engineers in Vicksburg.

3. On March 21, 2007, the United States of America ("Government"), through counsel, requested an extension to respond, which was unopposed and granted. [Docket Entry 8]. On April 25, 2007, the Government filed its answer. [Docket Entry 9].

**A. LEAVE TO AMEND SHOULD BE FREELY GIVEN**

4. Under Rule 15(a), leave to amend "shall be freely given when justice so requires." As cited in the Court of Federal Claims:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a [P]laintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

> of allowance of the amendment, futility of amendment, etc., - the leave sought should, as the rules require, be 'freely given.'

*ATK Thiokol, Inc. v. United States*, 72 Fed. Cl. 306, 313 (Fed. Cl. 2006) (citing and quoting *Foman v. Davis*, 371 U.S. 178 (1962)).

5. Bass seeks leave to amend to add claims for reformation and restitution. *See* Exhibit "A." These claims are an alternative legal theory for relief for the underlying contract dispute at issue. The claims are meritorious and should be heard at the same time as the other contract claims.

6. The amendment does not alter the underlying facts previously pleaded. The amendment also corrects typographical errors, including the date of the letter cited in paragraph 86, which appears as Exhibit G to the Amended Complaint.

**B. REFORMATION AND RESTITUTION PROPERLY HEARD WITH THIS ACTION**

7. Federal Claims courts have jurisdiction to hear reformation claims in addition to other contract-based actions where money damages are sought. *See Gould, Inc. v. United States,* 67 F.3d 925, 928 (Fed. Cir. 1995). "Traditionally, courts have resorted to reformation, in instances of mutual mistake, to conform the words of a contract to those the parties actually intended." *Bromley Contracting Co., Inc. v. United States*, 596 F.2d 448, 454 (Ct. Cl. 1979). "The purpose of reformation is to make a defective writing conform to antecedent expressions on which the parties agreed." *Bromley*, 596 F.2d at 454.

8. Moreover, restitution is a proper remedy for a private party to seek against the government. *Landmark Land Co., Inc. v. Federal Deposit Ins. Corp.*, 256 F.3d 1365, 1371-72 (Fed. Cir. 2001) ("When the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals") (citing *United States v. Winstar Corp*., 518 U.S. 839, 895 (1996)).

9. Here, Bass seeks reformation of the contract with the Corps and Bass seeks restitution of excess rent paid to the Corps under the reformed contract. Specifically, Bass seeks

reformation of its Lease Agreement with the Corps to clarify that the proper definition of "gross receipts" includes only receipts of sublessees paid to Bass, not the sublessees' gross income. Bass contends this interpretation of "gross receipts" is the one proper interpretation and the contract should be reformed to expressly reflect this.

10. Both reformation and restitution are interlinked with the already-existing contract claims and, as noted, based on the same underlying facts.

**C. NO PREJUDICE TO GOVERNMENT**

11 There is no undue delay, bad faith or dilatory motive in seeking leave to amend. Bass notified the Government of its intention to file this amendment several months ago. Moreover, Bass included in the Joint Preliminary Status Report its intention to file this amendment to the complaint.[1] Bass seeks leave to amend at an early stage in the litigation. In addition, no substantive amendments have previously been sought in this action.

12 No prejudice results to the Government by adding claims for restitution and reformation. These claims track the already-existing contract claims. The Government incurs no new burden or surprise. As noted above, the Government has been on notice of these claims for months.

**Conclusion**

For the reasons stated above, Bass respectfully requests this Court grant leave to amend to add Count VIII: Reformation and Restitution to its complaint.

[1] In the Joint Preliminary Status Report ("Report"), the Government noted it would challenge the amendment on a jurisdictional basis. *See* Report at 5.

Respectfully submitted,

***/s/ Frank W. Trapp***
FRANK W. TRAPP
PHELPS DUNBAR LLP
111 East Capitol Street
Suite 600
Jackson, Mississippi 39201
Telephone: 601/352-2300
Facsimile: 601/360-9777

## CERTIFICATE OF SERVICE

The undersigned attorney for Bass Management, Inc., does hereby certify that I have this date electronically filed the foregoing MOTION FOR LEAVE TO AMEND COMPLAINT with the Clerk of the Court using the ECF system which sent notification of such filing of the above and foregoing to the following:

David M. Hibey, Esq.
U. S. Department of Justice
Civil Division
1100 L. Street NW
Washington, DC 20530

SO CERTIFIED, this the 9th day of July, 2007.

***/s/Frank W. Trapp***
FRANK W. TRAPP