sewage pump-out of watercraft, shall be provided by the Lessee as appropriate. The Lessee shall not discharge waste or effluent from the property in such a manner that the discharge will contaminate streams or other bodies of water or otherwise become a public nuisance.

b. The Lessee will use all reasonable means available to protect the environment and natural resources, and where damage nonetheless occurs arising from the Lessee's activities, the Lessee shall be liable to restore the damaged resources.

c. The lessee must obtain approval in writing from the District Engineer before any pesticides or herbicides are applied to the premises.

26. PRELIMINARY ASSESSMENT SCREENING

A Preliminary Assessment Screening (PAS) documenting the known history of the property with regard to the storage, release or disposal of hazardous substances thereon, is attached hereto and made a part hereof as Exhibit C. Upon expiration, revocation or termination of this lease, another PAS shall be prepared which will document the environmental condition of the property at that time. A comparison of the two assessments will assist the District Engineer in determining any environmental restoration requirements. Any such requirements will be completed by the lessee in accordance with the condition on **RESTORATION.**

27. HISTORIC PRESERVATION

The Lessee shall not remove or disturb, or cause or permit to be removed or disturbed, any historical, archaeological, architectural or other cultural artifacts, relics, remains, or objects of antiquity. In the event such items are discovered on the premises, the Lessee shall immediately notify the District Engineer and protect the site and the material from further disturbance until the District Engineer gives clearance to proceed.

28. SOIL AND WATER CONSERVATION

The Lessee shall maintain, in a manner satisfactory to the District Engineer, all soil and water conservation structures that may be in existence upon said premises at the beginning of, or that may be constructed by the Lessee during the term of, this lease, and the Lessee shall take appropriate measures to prevent or control soil erosion within the premises. Any soil erosion occurring outside the premises resulting from the activities of

EXHIBIT
A (cont'd)

the Lessee shall be corrected as directed by the District Engineer.

**29. LIGHTS, SIGNALS AND NAVIGATION**

There shall be no unreasonable interference with navigation by the exercise of the privileges granted by this lease. If the display of lights and signals on any work hereby authorized is not otherwise provided for by law, such lights and signals as may be prescribed by the Coast Guard or by the District Engineer shall be installed and maintained by and at the expense of the Lessee.

**30. HUNTING AND TRAPPING**

The Lessee shall not hunt or trap or allow hunting or trapping on the premises.

**31. TRANSIENT USE**

a. Camping, including transient trailers or recreational vehicles, at one or more campsites for a period longer than thirty (30) days during any sixty (60) consecutive day period is prohibited. The Lessee will maintain a ledger and reservation system for the use of any such campsites, said system to be acceptable to the District Engineer.

b. Occupying any lands, buildings, vessels or other facilities within the premises for the purpose of maintaining a full- or part-time residence is prohibited, except for employees, residing on the premises, for security purposes, if authorized by the District Engineer.

**32. DISPUTES CLAUSE**

a. Except as provided in the Contract Disputes Act of 1978 (41 U.S.C. 601-613) (the Act), all disputes arising under or relating to this lease shall be resolved under this clause and the provisions of the Act.

b. "Claim," as used in this clause, means a written demand or written assertion by the Lessee seeking, as a matter of right, the payment of money in a sum certain, the adjustment of interpretation of lease terms, or other relief arising under or relating to this lease. A claim arising under this lease, unlike a claim relating to that lease, is a claim that can be resolved under a lease clause that provides for the relief sought by the Lessee. However, a written demand or written assertion by the Lessee seeking the payment of money exceeding $50,000 is not a

Case 1:07-cv-00056-EJD Document 5-3 Filed 01/29/2007 Page 4 of 14



claim under the Act until certified as required by subparagraph c.(2) below. The routine request for rental payment that is not in dispute is not a claim under the Act. The request may be converted to a claim under the Act, by this clause, if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

c. (1) A claim by the Lessee shall be made in writing and submitted to the District Engineer for a written decision. A claim by the Government against the Lessee shall be subject to a written decision by the District Engineer.

(2) For Lessee claims exceeding $50,000, the Lessee shall submit with the claim a certification that:

(i) The claim is made in good faith;

(ii) Supporting data are accurate and complete to the best of the Lessee's knowledge and belief; and

(iii) The amount requested accurately reflects the lease adjustment for which the Lessee believes the Government is liable.

(3) If the Lessee is an individual, the certificate shall be executed by that individual. If the Lessee is not an individual, the certification shall be executed by:

(i) A senior company official in charge at the Lessee's location involved; or

(ii) An officer or general partner of the Lessee having overall responsibility of the conduct of the Lessee's affairs.

d. For Lessee claims of $50,000 or less, the District Engineer must, if requested in writing by the Lessee, render a decision within 60 days of the request. For Lessee-certified claims over $50,000, the District Engineer must, within 60 days, decide the claim or notify the Lessee of the date by which the decision will be made.

e. The District Engineer's decision shall be final unless the Lessee appeals or files a suit as provided in the Act.

f. At the time a claim by the Lessee is submitted to the District Engineer or a claim by the Government is presented to the Lessee, the parties, by mutual consent, may agree to use alternative means of dispute resolution. When using alternate

dispute resolution procedures, any claim, regardless of amount, shall be accompanied by the certification described in paragraph c.(2) of this clause, and executed in accordance with paragraph c.(3) of this clause.

g. The Government shall pay interest on the amount found due and unpaid by the Government from (1) the date the District Engineer received the claim (properly certified if required), or (2) the date payment otherwise would be due, if that date is later, until the date of payment. Simple interest on claims shall be paid at the rate, fixed by the Secretary of the Treasury, as provided in the Act, which is applicable to the period during which the District Engineer receives the claim and then at the rate applicable for each 6-month period as fixed by the Treasury Secretary during the pendency of the claim. Rental amounts due to the Government by the Lessee will have interest and penalties as set out in the Condition on **CONSIDERATION.**

h. The Lessee shall proceed diligently with performance of the lease, pending final resolution of any request for relief, claim, appeal, or action arising under the lease, and comply with any decision of the District Engineer.

33. COVENANT AGAINST CONTINGENT FEES

The Lessee warrants that no person or selling agency has been employed or retained to solicit or secure this lease upon an agreement or understanding for a commission, percentage, brokerage, or contingent fee, excepting bona fide employees or bona fide established commercial or selling agencies maintained by the Lessee for the purpose of securing business. For breach or violation of this warranty, the United States shall have the right to annul this lease without liability or, in its discretion, to require the Lessee to pay, in addition to the lease rental or consideration, the full amount of such commission, percentage, brokerage, or contingent fee.

34. *OFFICIALS NOT TO BENEFIT*

No Member of or Delegate to Congress or Resident Commissioner shall be admitted to any share or part of this lease or to any benefits to arise therefrom. However, nothing herein contained shall be construed to extend to any incorporated company if the lease be for the general benefit of such corporation or company.

35. *SEVERAL LESSEES*

If more than one Lessee is named in this lease the obligations of said Lessees herein contained shall be joint and several obligations.

Case 1:07-cv-00056-EJD Document 5-3 Filed 01/29/2007 Page 6 of 14

DACW38-1-96-46

**36. MODIFICATIONS**

This lease contains the entire agreement between the parties hereto, and no modification of this agreement, or waiver, or consent hereunder shall be valid unless the same be in writing, signed by the parties to be bound or by a duly authorized representative; and this provision shall apply to this clause as well as all other conditions of this lease.

**37. DISCLAIMER**

This instrument is effective only insofar as the rights of the United States in the premises are concerned; and the grantee shall obtain such permission as may be required on account of any other existing rights. It is understood that the granting of this lease does not eliminate the necessity of obtaining any Department of the Army permit which may be required pursuant to the provisions of Section 10 of the Rivers and Harbors Act of 3 March 1899 (30 Stat. 1151; 33 U.S.C. § 403), or Section 404 of the Clean Water Act (33 U.S.C. § 1344).

**IN WITNESS WHEREOF** I have hereunto set my hand by authority/direction of the Secretary of the Army this 19th day of December, 1995.

BURKE S. TORREY
Chief, Real Estate Division

**THIS LEASE** is also executed by the Lessee this 14 day of DEC., 1995.

**BASS MANAGEMENT, INC.**

BENTON N. BASS, President

Case 1:07-cv-00056-EJD Document 5-3 Filed 01/29/2007 Page 7 of 14

# CORPORATE CERTIFICATE

I Vicky Bass certify that I am the Secretary of Bass Management, Inc., that Benton N. Bass, who signed the foregoing instrument on behalf of the corporation was then President of the corporation. I further certify that the said officer was acting within the scope of powers delegated to this officer by the governing body of the corporation in executing said instrument.

Certified this 14 day of Dec, 1995.

Bass Management, Inc.

Vicky Bass

Secretary - Treasurer
Bass Management, Inc.

# PARCEL 1

A tract or parcel of land lying and being situated in the NE¼ of Section 8, the NW¼ of Section 9, and the SE¼ SE¼ SE¼ of Section 5, Township 2 South, Range 21 West, Garland County, Arkansas, and being more particularly described as follows:

Beginning at a point from which the NE corner of the SE¼ NE¼ of Section 8, Township 2 South, Range 21 West, bears north 700 feet, more or less;

Thence S 57°45′ W, 970 feet, more or less, to the 578-foot contour, NGVD;

Thence along the 578-foot contour, NGVD, in a northerly direction 1,850 feet,, more or less, to a point;

Thence leaving said 578-foot contour, N 06°30′ E, 220 feet, more or less, to a ½" metal rebar stake;

Thence N 67°30′ W, 209 feet, more or less, to a ½" metal rebar stake;

Thence N 02°30′ E, 94 feet, more or less, to a ½" metal rebar stake;

Thence S 77°′30′ E, 162 feet, more or less, to a ½" metal rebar stake;

Thence N 19°30′ E, 58 feet, more or less, to a nail set in the asphalt on the south edge of a road;

Thence along the south edge of said road S 60°30′ E, 66 feet to a point;

Thence from a point on the south side of the road to a point on the north side of the road 20 feet, more or less;

Thence N 33° W, along the east side of said road 220 feet, more or less, to a point;

Thence N 57° E, 30 feet, more or less, to a point;

Thence N 33° W, 60 feet, more or less, to a point;

Thence S 57° W, 30 feet, more or less, to a point;

Thence N 33° W along the east side of said road, 175 feet, more or less, to a point;

Thence along the centerline of a drain northeasterly 220 feet, more or less, to a point, having an elevation of 578 feet, NGVD;

Thence along the 578-foot contour, NGVD, northeasterly and southeasterly 5,175 feet, more or less, to a point;

Thence N 6° E, 350 feet across a cove, to a point having an elevation of 578 feet, NGVD;

Thence along the 578-foot contour, NGVD, southerly and westerly 2,150 feet to a point;

Thence S 57°45′ W, 890 feet, more or less, to a point of beginning, containing 54.64 acres, more or less.

# PARCEL 2

A tract or parcel of land lying and being situated in the NE¼ of Section 8, the NW¼ of Section 9, and the S½ SW¼ of Section 4, Township 2 South, Range 21 West, Garland County, Arkansas, and being more particularly described as follows:

Begin at a point from which the NE corner of the SE¼ NE¼ of said Section 8 bears north 700 feet, said point being on the existing boundary lease limits of the Brady Mountain Resort and the point of beginning for the tract herein described;

Thence from said point of beginning along said existing boundary lease limits, N 57°45′ E, 890 feet, more or less to a point on a contour having an elevation of 578 feet National Geodetic Vertical Datum (N.G.V.D.);

Thence along the meanders of said contour in a generally easterly then northerly direction, 2,150 feet to a point;

Thence leaving said existing boundary lease limits continuing along said contour in a general, northeasterly direction, 3,210 feet, more or less to a point being 470 feet northerly of the south boundary line of said Section 4 and being 1,310 feet, westerly of the east line of the SW¼ of said Section 4;

Thence leaving said contour, parallel with said south boundary line, easterly, 980 feet, more or less to a point being 330 feet westerly of said east line of the SW¼;

Thence parallel with said east line of the SW¼, southerly 2,710 feet, more or less, to a point being 330 feet northerly of the southline of the NW¼ of said Section 9;

Thence parallel with said south line of NW¼, westerly 2,860 feet, more or less, to a point on said existing boundary lease limits;

Thence along said existing boundary lease limits N 57° 45′ E, 560 feet more or less to the point of beginning, containing 120 acres, more or less.

## PARCEL 3

A tract or parcel of land lying and being situated in the SW¼ of Section 4, Township 2 South, Range 21 West, Garland County, Arkansas, and being more particularly described as follows;

Begin at a point being 330 feet westerly of the west line of said SW¼ and 470 feet northerly of the south line of said SW¼;

Thence from said point of beginning, parallel with said south line westerly, 980 feet, more or less, to a point on a contour having an elevation of 578 feet National Geodetic Vertical Datum (N.G.V.D.);

Thence along the meanders of said contour in a generally northerly, southeasterly then northeasterly direction 3100 feet, more or less, to a point being 330 feet westerly of said west line of the SW¼;

Thence leaving said contour, parallel with said west line of the SW¼ southerly, 640 feet, more or less, to the point of beginning, containing 17 acres more or less.

It is understood and agreed to by Lessee that Parcel No. 3 is subject to the completion of a cultural resource survey, environmental assessment and supplement to the master plan being approved by the Corps of Engineers'. It is further understood and agreed to by the Lessee that there will be no construction or activity of any kind conducted on Parcel No. 3 until the above requirements have been fulfilled and the Lessee notified in writing by the District Engineer.




PARCEL 2

# Preliminary Assessment Screening (PAS)

**Project Title:** Leasing of 191.64 Acres of Fee Land at Lake Ouachita, Arkansas, for Commercial Concession Purposes

**Anticipated Date of the Proposed Action:** FY 96

It has been determined, in accordance with regulations issued by the Environmental Protection Agency at 40 CFR Part 373, that there is no evidence to indicate that hazardous substance activity took place on the property during the time the property was owned by the United States.

BURKE S. TORREY
Chief, Real Estate Division