IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BASS MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-056C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S MOTION FOR EXTENSION OF TIME FOR FACT DISCOVERY

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests that the Court enlarge by 60 days, to and including February 5, 2007, the deadline for fact discovery in this matter. This is the first request for an enlargement of time for this purpose. Pursuant to the Court's Order of August 6, 2007, fact discovery is currently scheduled to conclude on December 7, 2007.

Counsel for the plaintiff, Bass Management Inc. ("Bass"), indicated that Bass will oppose this motion. Counsel for plaintiff indicated that he would consent to an extension of discovery only for the purpose of concluding plaintiff's deposition of Government witness Sheila Franco and for permitting the Government to depose Ned Bass, the president of the plaintiff's company.

An enlargement of time is necessary because plaintiff's responses to the Government's document requests and interrogatories have been inadequate. On September 24, 2007, the Government propounded document requests and interrogatories upon the plaintiff. Bass provided responses to these requests on November 8 and 13, 2007. In response to the Government's requests for documents, Bass produced <u>four</u>

pages of documents. By comparison, the Government produced 2,770 pages of documents responsive to Bass' document requests. Bass contends that it is not required to produce documents responsive to Government requests because the Government's own document production contains the same documents that Bass would produce. Bass's dubious proposition that it is insulated from producing documents because the Government has these documents in its own files is further diminished by the fact that Bass has not identified which documents produced by the Government are "responsive" to the Government's document requests to Bass.

Plaintiff's responses to the Government's interrogatories are also deficient. For example, in its interrogatory number nine, the Government asked Bass to describe all communications Bass has had with members of the United States Congress concerning the Lease Agreement that is the subject of this lawsuit. Bass objected to this interrogatory upon the grounds that it was "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and as harassing and an infringement of its Constitutional rights." The Government fails to see how communications with members of Congress about the subject of the Lease Agreement in controversy would not be discoverable. Any non-privileged communication regarding the issues at the center of this lawsuit is discoverable, and the burden will fall upon Bass to demonstrate that these communications are not reasonably calculated to lead to the discovery of admissible evidence.

Bass's response to interrogatory number 10 is also inadequate. Interrogatory 10 asks Bass to "describe in detail any and all communications" Bass engaged in with Bill Mayfield concerning the "gross receipts" provision in the Lease Agreement since 1987.

Bass responded to this interrogatory by referring to several conversations that occurred in 1995. Bass, however, did not refer to subsequent conversations between Ned Bass and Mr. Mayfield that, according to Mr. Mayfield's deposition testimony, occurred between late 2006 and the summer of 2007.

On two occasions, counsel for the Government has discussed the Government's concerns about Bass's responses to the Government's discovery requests. Thus far, Bass has declined to amend or supplement its responses. The Government is not prepared to depose Mr. Bass until it has received adequate responses to its discovery requests. The Government also believes that adequate responses from Bass will help determine whether additional witnesses, including Bass's accountant, will need to be deposed. Although the Government has expressed to Bass its desire to avoid further motions practice regarding Bass's deficient discovery responses, the Government will be constrained to file a motion to compel if Bass does not amend and supplement its responses.

Further, the parties have discussed a possible settlement that would resolve all issues in this litigation. Extending discovery by two months would permit the parties to explore settlement in more detail while preserving each party's right to collect discoverable information that may help form the parameters for settlement or narrow the issues for disposition of this matter upon motions for summary judgment.

Granting this request for an enlargement should not cause any material inconvenience, prejudice or delay. The Court has set neither a trial date nor a date for the filing of dispositive motions. Pursuant to the Court's August 6, 2007 scheduling order, the parties are required to file a joint status report no later than December 12, 2007 and to appear before this Court for a status hearing on December 18, 2007. The Government

does not believe that either of these dates needs to be disturbed. Accordingly, we respectfully request that this Court enlarge by 60 days, to and including February 5, 2008, the deadline for fact discovery in this matter.

JEFFREY S. BUCHOLZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

/s David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

November 23, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of November, 2007, a copy of the foregoing "Defendant's Motion For Extension of Time For Fact Discovery" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David M. Hibey